Larry ANDERSON, Plaintiff,

v.

AMALGAMATED TRANSIT UNION LO-CAL UNION # 1150 and Greyhound Lines, Inc., Defendants.

No. 86 C 0388.

United States District Court,
N.D. Illinois, E.D.

Jan. 24, 1986.

David H. Locks, Chicago, Ill., for plaintiff.

MEMORANDUM OPINION
AND ORDER

SHADUR, District Judge.

Larry Anderson ("Anderson") has filed a complaint under Labor Management Relations Act § 301, 29 U.S.C. § 185 ("Section 301") against his former union (Amalgamated Transit Union Local Union No. 1150, "Union"), charging a breach of its duty of fair representation, and his former employer (Greyhound Lines, Inc., "Greyhound"), charging its breach of the applicable collec-

tive bargaining agreement with Union. Because Anderson's Complaint and the exhibits he has attached are self-defeating in those terms, this Court dismisses this action sua sponte.

It is unnecessary to treat with the merits of Anderson's claim. What is relevant is the fatal time sequence the Complaint and exhibits disclose:

1. Union initially pursued on Anderson's behalf the grievance contesting Anderson's discharge by Greyhound. Then Union notified Anderson December 5, 1984 that Union's Executive Board had decided to recommend to the membership that the grievance not be pursued further, because the Executive Board disbelieved Anderson on the merits.

2. After the membership had met and voted on the Executive Board's recommendation, Union wrote Anderson January 14, 1985 that the membership had voted not to pursue the grievance.

3. Anderson then filed a charge against Greyhound with the Equal Employment Opportunity Commission.

4. Anderson also wrote Union's International President seeking to get reconsideration of the adverse decision, but he was rebuffed by a June 13, 1985 letter from the President.

5. Anderson filed charges complaining of the matter before the NLRB, which rejected those charges August 7, 1985. Then he appealed to the NLRB's Office of the General Counsel, which rejected the appeal September 30, 1985. This action was not filed until January 17, 1986.

■ Since *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) it has been settled law that "hybrid Section 301/unfair representation claims" such as this one are subject to the same six-month statute of limitations that applies to unfair labor practice claims under National Labor Relations Act § 10(b), 29 U.S.C. § 160(b). For that purpose Union's January 14, 1985 notice to Anderson, stating its turndown of any further pursuit of his grievance, clearly started the six-month clock ticking.

Even were that not so, on the reading most favorable to Anderson the International President's June 13, 1985 letter would represent the outside date for commencement of the six-month period. In all circumstances, then, a mid-January 1986 filing of this lawsuit came too late under *DelCostello.*

■ That leaves for consideration only the question whether Anderson's filing of an unfair labor practice charge with the NLRB somehow prevented his claim from accruing or somehow tolled the running of the limitations period. But the law is equally plain that a Section 301 unfair representation claim is wholly independent of any unfair labor practice charge before the NLRB. *Vaca v. Sipes,* 386 U.S. 171, 178–88, 87 S.Ct. 903, 910–15, 17 L.Ed.2d 842 (1967). And the corollary of that, recognized by every court that has dealt with the issue posed by this case, is that an NLRB filing does not toll or prevent the accrual of the Section 301 unfair representation claim itself. *Adkins v. International Union of Electrical, Radio & Machine Workers, AFL–CIO–CLC,* 769 F.2d 330, 335 (6th Cir. 1985) and cases cited there.

Accordingly Anderson's Complaint carries its own death warrant. This action is dismissed.